UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IAN ALEXANDER STURGEON,<br><br>Plaintiff,<br><br>v.<br><br>WHITNEY WELSH, ALEXA ADAMS, JULIE BRYANT, MOIRA LYNCH, JEREMY WALLINGFORD, and GRACE DEWITT,<br><br>Defendants. | Case No. 1:24-cv-00377-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Ian Alexander Sturgeon (Plaintiff), a prisoner in custody of the Idaho Department of Correction, has filed a civil rights complaint that is subject to screening. *See* 28 U.S.C. §§ 1915 & 1915A. Having reviewed Plaintiff's Complaint and Affidavit, the Court issues the following Order permitting him to proceed in part.

### REVIEW OF COMPLAINT

1. **Background**

Wyoming and Idaho are parties to the Interstate Compact for Adult Offender Supervision (the Compact), which provides that a probationer in legal custody of a "sending" state may be transferred to a "receiving" state to be supervised.

Plaintiff was placed on probation for a conviction in the state of Wyoming, but he had authorization to live and be supervised in Idaho under the Compact, beginning on July

6, 2020. Dkt. 2 at 4. Petitioner had a successful tattoo business in Idaho for several years.

Plaintiff's civil rights claims arise from the intersection of his Wyoming probation and his Idaho arrests and convictions. He sues Whitney Welsh, an Ada County deputy prosecutor; Grace DeWitt, an Ada County public defender; and Alexa Adams, Julie Bryant, Moira Lynch, and Jeremy Wallingford, all Idaho probation officers or supervisors. Defendants allegedly engaged in a conspiracy to have him falsely arrested and imprisoned on Idaho criminal charges by using agent's warrants to wrongfully detain him under the guise that the new Idaho criminal charges constituted Wyoming probation violations; Plaintiff asserts they had no authority to arrest or detain him for the state of Wyoming. *Id*. at 4. He lost his business and suffered large financial losses and personal property damages as a result of the false arrests.

To better understand the sequence of the arrests, convictions, and dismissals Plaintiff refers to, the Court has reviewed and takes judicial notice of the public records available on the Idaho Supreme Court Register of Actions and attaches those as Exhibits to this Order. On June 21, 2023, Plaintiff was charged with "felony battery - domestic violence with traumatic injury" and a persistent violator enhancement in Ada County. *See* Exhibit A. A warrant/detention order, a criminal complaint, and a no-contact order all were issued on that date. Petitioner surrendered himself to a probation officer on August 4, 2023. He was arraigned on August 7, 2023, and was released on bond thereafter. *See* Exhibit A and Dkt. 2 at 4. On January 16, 2024, he was convicted of the domestic violence offense after jury trial and had the persistent violator enhancement imposed. *See* Exhibit A.

On September 6, 2023, a criminal complaint was filed against Plaintiff for

INITIAL REVIEW ORDER BY SCREENING JUDGE- 2

misdemeanor false imprisonment and "misdemeanor battery - domestic violence without traumatic injury against a household member" in Canyon County. *See* Exhibit B. On October 18, 2023, an affidavit of probable cause was filed. On October 20, 2023, a warrant was issued for Plaintiff's arrest. *See id*.

On November 22, 2023, an Ada County prosecutor (Plaintiff asserts that this was Defendant Whitney Welsh, the only prosecutor associated with the Ada County case, *see* Exhibit A), called Defendant Alexa Adams, a probation official, "inquiring on why Ian had not been arrested under an Agent's Warrant, despite having three pending felony charges." Dkt. 2-1 at 3. On December 8, 2023, Plaintiff was arraigned on the Canyon County misdemeanor domestic violence charge and enhancement. On February 14, 2024, Plaintiff pleaded guilty to both, and judgment was entered in that case.

Plaintiff has attached as an exhibit to his Complaint an "agent's warrant," dated December 20, 2023. Dkt. 2-1 at 9. The charges were "risk to self or others, drug use, and not reporting." *Id*. He alleges he was wrongfully arrested and then prevented from being arraigned, being eligible for a bond, and being appointed an attorney because agents wrongfully classified the arrest as a probation violation, thus channeling the charges to a parole board preliminary hearing rather than an arraignment. Dkt. 2 at 6; Dkt. 2-1 at 7-8. The corresponding state register of actions shows that charges of felony possession of a controlled substance, being a persistent violator, and misdemeanor drug paraphernalia were dismissed between January 5, 2024, and February 14, 2024, upon motions of the prosecutor. *See* Exhibit C.

Plaintiff is currently serving his Ada County, Idaho sentences for felony domestic

battery and the persistent violator enhancement. His sentences will be satisfied in 2031 and 2043, respectively. He is eligible for parole in 2028.[1]

2. **Standard of Law**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court liberally construes the pleadings to determine whether a case should be dismissed.

Under 28 U.S.C. §§ 1915 and 1915A, the Court may dismiss some or all of the claims in a complaint for any of the following reasons:

- "insufficient facts under a cognizable legal" theory, *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984), meaning that the factual assertions, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

- "lack of a cognizable legal theory," *Robertson*, 749 F.2d at 534, including that the complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B), or the Court applies a procedural bar sua sponte (on its own) that is often raised as an affirmative defense, *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024) (affirming dismissal based on *Heck v. Humphrey*, 512 U.S. 477 (1994));

- frivolousness or maliciousness, 28 U.S.C. § 1915(e)(2)(B); or

- seeking monetary relief from a defendant who is immune from such relief, *id*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights

---

[1] *See* https://www.idoc.idaho.gov/content/prisons/resident-client-search/details/136988.

protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

### 3. *Heck v. Humphrey* Issue – Ada County Conviction and Enhancement

Plaintiff's claims related to the Ada County criminal conviction and sentence enhancement for which he is imprisoned implicate the rule of *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). If victory in a civil rights action would necessarily imply that the plaintiff's conviction is invalid, the plaintiff must establish that the underlying conviction has been overturned on appeal, by habeas petition, or in a similar proceeding. *See id.* at 483-87. If the conviction or sentence has not been invalidated, the claim is not cognizable under § 1983. *Id*. On the other hand, if "the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 487 (footnote omitted).

Here, Plaintiff asserts that the agent's arrest warrants for the Ada County conviction and sentences he is currently serving were unlawful. This allegation directly implies his convictions and sentences are unlawful. Plaintiff has not shown that his conviction and sentences have been reversed or overturned by any state or federal court. Therefore, his claims are premature.[2] For *Heck* purposes, it does not matter that Plaintiff's object is to

---

[2] The statute of limitations for a § 1983 claim that is dependent upon a prior state court action to invalidate a conviction does not begin to run until the conviction is reversed, expunged or declared invalid, because the § 1983 cause of action does not arise until the state court action is completed. *See Heck*, 512 U.S. at 489.

INITIAL REVIEW ORDER BY SCREENING JUDGE- 5

show that Idaho officials should not have arrested him *for a Wyoming probation violation*, because the arrests culminated in valid Idaho criminal convictions, which cannot be challenged in a collateral action such as this.

The Fourth and Fourteenth Amendment claims against the Idaho Defendants that are associated with the Ada County criminal convictions will be dismissed without prejudice and with leave to amend if Plaintiff can make a showing that the *Heck* doctrine is not a bar to bringing a civil rights action. The claims associated with (1) the Canyon County misdemeanor domestic violence conviction and the corresponding sentence that has already been served, and (2) the Canyon County drug charges that were dismissed, may not be subject to *Heck*, and so the Court will liberally construe the claims to permit Plaintiff to proceed.

### 4. Claims Likely Not Subject to *Heck* Bar

Plaintiff asserts that Defendants engaged in an unlawful conspiracy to arrest him on November 29 and 30, 2023, when affidavits of probable cause were allegedly falsified for Plaintiff's arrest (1) on the Canyon County misdemeanor domestic battery charge for which Plaintiff was convicted and served his sentence before filing this action, and (2) on the Canyon County drug charges that were later dismissed. These claims arise under the Fourth and Fourteenth Amendments. To the extent that Plaintiff asserts a substantive due process claim, it will be analyzed under the more particular amendment, the Fourth. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) (relying on *Graham v. Connor*, 490 U.S. 386, 395 (1989)). To the extent that Plaintiff asserts Defendants allegedly mislabeled the warrant papers "Interstate Compact Case - No Bond," which deprived him of an arraignment and

other procedural protections for criminal charges, Plaintiff may proceed against those Defendants personally involved in the wrongful acts on a Fourteenth Amendment procedural due process claim.

### 5. Arrest Claims Based on the Compact

One basis for Plaintiff's § 1983 civil rights claims is that the Idaho Defendants transgressed the Compact in the timing and manner of detaining Plaintiff on the Idaho charges. Plaintiff's asserts that, in Wyoming, a probationer charged with a probation violation based on a new crime cannot be arrested until and unless he has been adjudicated guilty of the new crime. He asserts that because the Idaho Defendants knew this aspect of Wyoming probation law, they had no authority to use an agent's warrant[3] to arrest him for the Idaho criminal charges under the guise of a probation violation. But Plaintiff does not address the provisions of the Compact requiring a probationer to agree that, by coming to a different state for probation supervision, he is subject to the receiving state's probation supervision rules.[4] Idaho rules permit officers to arrest probationers on probation violation

---

[3] Idaho Code § 20-227 authorizes use of an agent's warrant for probation violation charges:

> Any parole or probation officer may arrest a parolee, probationer, or person under drug court or mental health court supervision without a warrant, or may deputize any other officer with power of arrest to do so, by giving such officer a written statement hereafter referred to as an agent's warrant, setting forth that the parolee, probationer, or person under drug court or mental health court supervision has, in the judgment of said parole or probation officer, violated the conditions of drug court or mental health court or conditions of his parole or probation.

[4] For example, in *Fielding v. Stone*, *supra*, Fielding was convicted in Connecticut, and felony probation was imposed. Fielding transferred his supervision to California. He contested the fact that California decided to place him under parole supervision, rather than merely probation supervision. Fielding asserted a due process violation. The court noted: "At the time of acceptance or during the term of supervision, the compact administrator or supervising authority in the receiving state may impose a special condition on an

*charges*; they do not have to wait for a new criminal *conviction* to come to fruition from the charges. *See* I.C. § 20-227; *see* Footnote 3.

A review of federal case law shows that federal courts agree that a plaintiff "does not have a private right of action under Section 1983 to enforce the provisions of the Interstate Compact because one cannot be inferred from its terms." *Doe v. Pennsylvania Bd. of Prob. & Parole*, 513 F.3d 95, 105 (3d Cir. 2008); *M.F. v. State of New York Executive Dep't Div. of Parole*, 640 F.3d 491, 495 (2d Cir. 2011) (same); *Castaneira v. Potteiger*, 2014 WL 4716621 at *4 (M.D. Penn. 2014) (unpubl.); *Fielding v. Stone*, 2016 WL 11755178 *4 (C.D. Ca. 2016) (unpubl.) ("While the Ninth Circuit has not ruled on this issue, this Court has reviewed the text and structure of the Compact and concludes, in line with both the Second and Third Circuits, that Congress did not intend to authorize a private right of action by placing its imprimatur on the Compact.") ; *Clavette v. Persels*, No. 3:13-

---

offender transferred under the interstate compact if that special condition would have been imposed on the offender if sentence had been imposed in the receiving state." *Id*. at *3.

The court explained: "The reason for allowing a receiving state to impose its own special conditions is to alleviate any burden that may result from forcing a receiving state to apply a sending state's terms of supervision in lieu of its own laws." *Id*.

In addition, the Compact Rules provide:

Rule 4.109-1 Authority to Arrest and Detain A supervised individual in violation of the conditions of supervision may be taken into custody or continued in custody by the receiving state.

Rule 5.101-1 Pending Felony or Violent Crime Charges Notwithstanding any other rule, if a supervised individual is charged with a subsequent felony or violent crime, the individual shall not be retaken or ordered to return until criminal charges have been dismissed, sentence has been satisfied, or the individual has been released to supervision for the subsequent offense, unless the sending and receiving states mutually agree to the retaking or return.

*See* https://interstatecompact.org/icaos-rules (accessed December 5, 2024).

INITIAL REVIEW ORDER BY SCREENING JUDGE- 8

CV-0058, 2013 WL 5940024, at *4 (D. Or. Nov. 4, 2013) (unpubl.) (same).

This Court agrees that violations of the Compact cannot form the basis of a § 1983 action. Therefore, Plaintiff must base his wrongful arrest claims on lack of probable cause in violation of the Fourth Amendment, not that the state actors violated the Compact. Under the Fourth Amendment, "every arrest, and every seizure having the essential attributes of a formal arrest, is unreasonable unless it is supported by probable cause." *Michigan v. Summers*, 452 U.S. 692, 700 (1981); *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997).

Probable cause exists where the "facts and circumstances [are] sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense." *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975) (internal citation and punctuation omitted). The elements of a § 1983 case grounded upon the Fourth Amendment are "(1) that the police officer knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause." *Wilson v. Russo*, 212 F.3d 781, 786 (3d Cir. 2000) (internal citation and punctuation omitted).

Ultimately, the reasonableness of a search or seizure is determined "by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." *United States v. Knights*, 534 U.S. 112, 118–19 (2001) (internal citation and quotation marks omitted).

Plaintiff may proceed on his claims that all Defendants engaged in an unlawful

INITIAL REVIEW ORDER BY SCREENING JUDGE- 9

conspiracy to arrest him on November 29 and 30, 2023, with the exception of Defendant Grace DeWitt, addressed directly below.

### 6. Claims against Public Defender

Plaintiff asserts that Grace DeWitt conspired with other Defendants to violate his civil rights. However, the only factual allegations he provides are that, when Plaintiff called DeWitt, she told him there was nothing she could do. DeWitt said that the prosecutor "pushed her influence." *Id*. at 9. DeWitt told Plaintiff there was no arrest warrant or detainer and he was held solely on an Idaho agent's warrant. *Id*. Plaintiff may not proceed against DeWitt on these bare allegations. This advice does not constitute a civil rights violation, and nothing shows she conspired with others. Without evidence of a public defender's participation in a conspiracy, a litigant cannot proceed under § 1983 against a public defender, because the law is clear that a public defender does not act under color of law when representing an indigent defendant in criminal proceedings. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *West v. Atkins*, 487 U.S. 42 (1988); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982).

### 7. Claims under 42 U.S.C. § 1985[3] and 28 U.S.C. § 1343 (a)(i)(2)

Plaintiff asserts claims under 42 U.S.C. § 1985[3], which governs conspiracies to interfere with civil rights. To state a claim under § 1985(3), a plaintiff must allege a racial or class-based discriminatory animus behind the conspirators' actions. *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F.2d 1330, 1333 (9th Cir. 1982). Plaintiff has failed to allege he is a member of a racial group or other protected class against whom a conspiracy was

INITIAL REVIEW ORDER BY SCREENING JUDGE- 10

perpetrated. He may not proceed on this theory.

Plaintiff also asserts claims under 28 U.S.C. § 1343(a)(1)(2). This section is intended to permit a plaintiff to "recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent." Because Plaintiff has not stated facts to support a § 1985 claim, he cannot proceed under 28 U.S.C. § 1343(a)(1)(2).

### 8. False Imprisonment

"False arrest and false imprisonment overlap; the former is a species of the latter." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Therefore, Plaintiff does not have a separate claim for false imprisonment.

### 9. Right to Bail

Plaintiff alleges that Defendants unlawfully prevented from him obtaining a bond for release pending adjudication of his Idaho criminal charges. The Eighth Amendment provides for the right to be free from excessive bail. Although the United States Supreme Court has never addressed whether the Excessive Bail Clause has been incorporated into the Fourteenth Amendment against the states, the Ninth Circuit "follow[s] the Supreme Court in 'assum[ing]' without deciding that the Clause is incorporated against the States. *Galen v. County of Los Angeles*, 477 F.3d 652 (9th Cir. 2007) (relying on *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Courts have construed the right to be free from excessive bail to include the right to be free from unreasonable denial of bail. *See, e.g., Piskanin v. Hammer*, 2005 WL 3071760, at *13 (D. Pa. 2005).

INITIAL REVIEW ORDER BY SCREENING JUDGE- 11

Plaintiff is alleging that Defendants acted to prevent him from obtaining bail by classifying his arrest as a probation violation instead of a new Idaho criminal charge. The Court will liberally construe this claim and permit Plaintiff to proceed.

## ORDER

IT IS ORDERED:

1. Plaintiff may proceed on his claims associated with the two Canyon County arrests, in the limited manner set forth above, against all Defendants except Grace DeWitt. Although it is authorized to do so in screening, the Court has not considered whether absolute judicial immunity or qualified immunity would apply to any of Plaintiff's claims, because those defenses are particularly fact-based and are more appropriately addressed in an early summary judgment motion.

2. All claims against Grace DeWitt are DISMISSED without prejudice for lack of jurisdiction (no state action under § 1983)..

3. Claims arising from the Ada County arrests, convictions, and sentences are DISMISSED without prejudice on *Heck v. Humphrey* grounds.

4. Defendants **Whitney Welsh, Alexa Adams, Julie Bryant, Moira Lynch,** and **Jeremy Wallingford** will be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days. If Defendants choose to return

the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Complaint (Dkt. 3), a copy of this Order, and a Waiver of Service of Summons to the following counsel:

    a. Mary Karin Magnelli, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706; and

    b. Ada County Prosecutor
       7200 W. Barrister Drive
       Boise, ID 83704.

5. It is unclear whether any or all of these Defendants will be represented by the state or county attorneys. Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, indicating which individuals for whom service will not be waived.

6. If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims

        against them will be dismissed without prejudice without further notice.

7. Because immunity may be at issue, the Court will not enter the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases at this time. If Defendants intend to assert immunity as a defense, then they must notify Plaintiff in writing, and the parties must exchange all factual documents and information to one another that support or counter that defense within 30 days after Defendants give notice.

8. Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

9. Dispositive motions must be filed no later than 300 days after entry of this Order.

10. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

11. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly

INITIAL REVIEW ORDER BY SCREENING JUDGE- 14

identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

13. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

14. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

15. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

16. Plaintiff must observe the Local Rule requiring a one-inch margin on all of his filings, to accommodate conversion of paper documents to electronic files. Some of the words near the margins of his Complaint are incomplete as a result of scanning. The Clerk of Court may, at its discretion, reject and return Plaintiff's filings and notify him that the documents are nonconforming.

DATED: February 6, 2025

_____
David C. Nye
Chief U.S. District Court Judge